**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **XAVIER CASTRO, # B-87782,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ILLINOIS DEPARTMENT OF** )<br>**CORRECTIONS, MR. BROOKS,** )<br>**and MR. FAITH,** )<br>)<br>**Defendants.** ) | **Case No. 15-cv-00707-MJR** |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Xavier Castro, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* His claims arise from a single 55-minute delay that followed his request to use the restroom while in Lawrence's prison yard on November 5, 2013 (Doc. 1).

At the time, Plaintiff was in a wheelchair and could not use the outdoor restrooms that were available to prisoners in the yard (Doc. 1, p. 5). He requested staff assistance at 1:00 p.m., and two correctional officers (C/O Faith and C/O Brooks) told Plaintiff that his wing officer would take him to the restroom after returning from lunch. The wing officer did not return from lunch until 1:55 p.m. By then, Plaintiff was in so much pain and discomfort that he was crying. Although Plaintiff does not allege that he soiled himself, he claims that he suffered from a stomachache for the remainder of the day.

Plaintiff now sues the Illinois Department of Corrections ("IDOC"), C/O Faith, and C/O Brooks for violating his rights under the Eighth Amendment (Doc. 1, p. 7). He seeks

monetary damages and preliminary and permanent injunctive relief, which includes a "full investigation" and implementation of administrative directives aimed at bringing Lawrence into compliance with the ADA (Doc. 1, pp. 7-8).

### Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations and the request for relief, the Court finds it convenient to divide the *pro se* complaint into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants violated Plaintiff's Eighth Amendment rights by delaying his access to the toilet on November 5, 2013; and**
>
> **Count 2:** **Defendants violated the ADA and/or Rehabilitation Act by failing to accommodate his disability-related needs.**

**Count 1 – Conditions of Confinement**

The complaint does not state an Eighth Amendment claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement (**Count 1**) on November 5, 2013. Prisoners have a right to be free from cruel and unusual punishment under the Eighth Amendment. *See* U.S. CONST., amend. VIII. Prison officials violate the prohibition against cruel and unusual punishment "if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities.'" *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Conditions that do not fall below contemporary standards of decency are constitutional. *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir. 1997). The allegations in the complaint do not suggest that a single 55-minute delay in transporting Plaintiff to the restroom fell below this threshold.

To proceed on an Eighth Amendment claim, a prisoner must satisfy a test that includes both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective component requires Plaintiff to demonstrate that he suffered from a sufficiently serious deprivation. *See Farmer*, 511 U.S. at 834. The subjective component requires Plaintiff to show that the defendants acted with a sufficiently culpable state of mind, which is deliberate indifference to a substantial risk of serious harm. *Id.*

The complaint does not suggest that Plaintiff suffered from a sufficiently serious constitutional deprivation. To be actionable, the deprivation must be "extreme." *Delaney v. DeTella*, 256 F.3d 679, 682-83 (7th Cir. 2001). Adequate facilities to "wash and use the toilet are among the minimal civilized measures of life's necessities that must be afforded prisoners." *Jaros v. Ill. Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (internal quotation omitted). However, the isolated incident described in the complaint involves only a 55-minute delay in toilet access. Plaintiff does not allege that he actually soiled himself or suffered any serious adverse health consequences as a result of the delay. Without more, a short-term delay does not constitute the sort of extreme deprivation that supports an Eighth Amendment claim. *See, e.g., Strominger v. Brock*, 592 Fed. Appx. 508, 511 (7th Cir. 2014) (finding no deprivation of life's necessities where inmate "mobility and access to the toilet were made a little more difficult on a very temporary basis"). *See also Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (duration of deprivation must be considered in determining whether condition of confinement is unconstitutional); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (same); *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs, which included an eleven-hour delay in providing toilet paper, does not establish an

Eighth Amendment violation); *Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) (sixteen hours spent in shackles, which included 4-5 hours spent in soiled clothing after prisoner urinated and defecated on himself, was not sufficiently serious to support Eighth Amendment claim).  The objective component of this test is not satisfied by the allegations in the complaint.

The complaint also does not suggest that the defendants responded to Plaintiff's request with the requisite state of mind.  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety.  The defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 303; *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  In other words, a plaintiff must demonstrate that the defendants had actual knowledge of an impending harm and consciously refused to prevent it.  *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996).

According to the complaint, Plaintiff asked to use the toilet once.  Defendants Brooks and Faith agreed that he could, after Plaintiff's wing officer returned from lunch.  The complaint does not suggest that Plaintiff subsequently complained that the wait was too long, that he would soil himself in the meantime, or that he was experiencing discomfort.  There is no indication that Defendants Brooks or Faith consciously disregarded an impending harm to Plaintiff. The deliberate indifference component of the Eighth Amendment claim is not satisfied by the allegations in the complaint.

Based on the foregoing discussion, Count 1 shall be dismissed without prejudice against the defendants.  Subsumed within Count 1 is a claim for monetary damages against the defendants.  Plaintiff cannot maintain a money damages claim against the IDOC or the state employees in their official capacities.  The Supreme Court has held that "neither a State nor its

officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010) (suing state employee in his or her official capacity is the same as suing the state); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Although **Count 1** is dismissed without prejudice against all three defendants, Plaintiff's claim for money damages against the IDOC and Defendants Brooks and Faith in their official capacities is dismissed with prejudice.

**Count 2 – ADA and/or Rehabilitation Act**

Plaintiff does not specifically assert a claim against the defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e. He merely alludes to the ADA in his request for relief, and he does not mention the Rehabilitation Act in the complaint at all. But courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se*. *See Norfleet*, 684 F.3d at 690 (citations omitted). On this basis, the Court will *sua sponte* recognize claims under the ADA and/or Rehabilitation Act (**Count 2**).

The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

With the exception of the federal-funding requirement under the Rehabilitation Act, the elements of an ADA and Rehabilitation Act claim are identical. *Jaros*, 684 F.3d at 671. Because all states accept federal funds for their prisons, this additional element is of no consequence in the instant case; the analysis governing each statute is the same. *Id.* (citations omitted). Both prohibit discrimination against qualified individuals based on a physical or mental disability. *Id.* Discrimination under both includes the failure to accommodate a disability. Refusing the make a reasonable accommodation is "tantamount to denying access." *Id.* at 672. Further, the relief available to Plaintiff under the ADA and Rehabilitation Act is coextensive. *Jaros*, 684 F.3d at 671 (citing 29 U.S.C. § 794A; 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e-5 for private right of action)).

In order to proceed with Count 2, Plaintiff's complaint must plausibly support each element of these claims, and it does. *See Jaros*, 684 F.3d at 671 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011)). The complaint suggests that Plaintiff is a qualified person with a disability. Disability encompasses limitations on one or more major life activities, such as walking, standing, bending, or caring for oneself. *Id.* (citing 42 U.S.C. § 12102(2)(A)). According to the complaint, Plaintiff was confined to a wheelchair on November 5, 2013, which suggests that all of these activities were limited. And although incarceration is not a program or an activity, restroom access is. *See Jaros*, 684 F.3d at 672 (collecting cases). *See also Kutrip v. City of St. Louis*, 329 Fed. Appx. 683, 684-85 (8th Cir. 2009); *Pierce v. County of Orange*, 526 F.3d 1190, 1220 (9th Cir. 2008); *Foster v. Morris*, 208 Fed. Appx. 174 (3d Cir. 2006). The allegations suggest that Plaintiff was not able to

access the restrooms in the prison yard on the same basis as other inmates.  Plaintiff has pleaded a plausible claim for failure to make a reasonable accommodation at this early stage in litigation, and Count 2 is subject to further review.

However, this claim cannot proceed against the individual defendants named in connection with this claim, including Defendants Brooks and Faith.  Individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act.  *Jaros*, 684 F.3d at 670.  The proper defendant is the relevant state department or agency.  *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).  Plaintiff has named the IDOC in connection with this claim, and he shall be allowed to proceed with **Count 2** against the IDOC only.

### Request for Preliminary Injunctive Relief

Plaintiff mentions preliminary injunctive relief in his request for relief in the complaint.  However, he does not invoke Federal Rule of Civil Procedure 65 or specifically indicate what relief he is seeking.  Plaintiff has not filed a separate motion to address this request.  Should he wish to formally request a preliminary injunction or a temporary restraining order while this action is pending, Plaintiff must file a separate motion pursuant to Rule 65.  In it, he should specifically indicate the interim relief he seeks and the grounds that support his request for relief.  Until he does so, the Court will not consider his request for interim relief.

### Disposition

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **BROOKS** and **FAITH** are **DISMISSED** without prejudice from this action.

With respect to **COUNT 2**, the Clerk of Court shall prepare for **DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Acting Director of IDOC, Gladyse C. Taylor, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, the plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 11, 2015**

s/ MICHAEL J. REAGAN<br>United States Chief District Judge